IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

TRANQUILITY HOME HEALTHCARE V. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

TRANQUILITY HOME HEALTHCARE AND TANESHA COLLINS, APPELLANTS,

V.

NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, APPELLEE.

Filed July 14, 2026.    No. A-25-733.

Appeal from the District Court for Douglas County: TRESSA M. ALIOTH, Judge. Reversed and remanded for further proceedings.

Jon-Thomas Roemmick, of Liberty Law Group, L.L.C., for appellants.

Michael T. Hilgers, Attorney General, Cody S. Barnett, Solicitor General, and Lincoln J. Korell for appellee.

MOORE, PIRTLE and FREEMAN, Judges.

MOORE, Judge.

### INTRODUCTION

Tranquility Home Healthcare and Tanesha Collins (Appellants) appeal from the order of the Douglas County District Court that dismissed their petition against the Nebraska Department of Health and Human Services (DHHS). The court dismissed the petition for lack of subject matter jurisdiction after finding that Appellants had not properly served summons on DHHS through the Attorney General's Office as required by statute, which is a jurisdictional requirement. Based on the record before us, Appellants did serve DHHS through the Attorney General's office as required. We reverse and remand for further proceedings.

## STATEMENT OF FACTS

On June 23, 2025, Appellants filed a petition in the district court, seeking judicial review under the Administrative Procedure Act (APA) pursuant to Neb. Rev. Stat. § 84-917 (Reissue 2024). Appellants sought reversal of a final decision in a contested case, entered by DHHS on June 6, which excluded them as a Medicaid service provider.

The transcripts in our record show that on June 23, 2025, in addition to filing the petition, Appellants filed a praecipe for summons, requesting issuance and delivery of a summons for "personal service upon [DHHS] via certified mail," directed at "[DHHS], 301 Centennial Mall, Lincoln, Nebraska," along with delivery of a copy of the "Complaint [sic]" filed on June 23. On June 24, the clerk of the district court issued a summons directing service of the summons and a copy of the "complaint/petition" by certified mail to DHHS at "P.O. Box 25026" in Lincoln.

On July 28, 2025, DHHS filed a motion to dismiss for lack of jurisdiction pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(1) (rev. 2025). In its supporting brief, DHHS asserted that while the petition itself was timely filed, Appellants failed to serve a summons on DHHS through the office of the Attorney General within 30 days of filing the petition as required under the APA.

On July 29, 2025, a service return was filed, which contained a return receipt showing service to "Attorney General's Office, 1445 K St., Room 2115, P.O. Box 98920, Lincoln, NE 68508." The return is signed by an individual. The box for "Date of Delivery" on the return receipt was left blank but there is a stamp on the return receipt dated June 30. The certified mail proof of service section of the service return states that "[c]opies of the [s]ummons were mailed by certified mail" to the "Office of the Attorney General" at "1445 K. St. PO Box 98920, Lincoln, NE 68508" on June 25, and states that "[t]he return receipt for mailing to the party" was signed on June 30.

Following a hearing on the motion to dismiss, at which the district court heard arguments from the parties' attorneys, the court entered an order of dismissal on September 22, 2025. The court found that Appellants failed to comply with the statutory service requirements of the APA as specified in § 84-917 and thus the court did not have subject matter jurisdiction. The court granted DHHS' motion, and it dismissed the matter with prejudice.

## ASSIGNMENT OF ERROR

Appellants assign that the district court erred in granting DHHS' motion to dismiss.

## STANDARD OF REVIEW

Appellate review of an order granting a motion to dismiss is de novo. *Hauxwell v. Middle Republican NRD*, 319 Neb. 28, 21 N.W.3d 21 (2025).

A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Id.*

Statutory interpretation is a question of law that an appellate court resolves independently of the trial court. *Id.*

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Jackson v. Rodriguez*, 318 Neb.

657, 18 N.W.3d 408 (2025). Where a lower court lacks subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Hauxwell v. Middle Republican NRD, supra*. The district court granted DHHS' motion to dismiss for lack of jurisdiction pursuant to § 6-1112(b)(1), finding that because Appellants failed to comply with the statutory service requirements of § 84-917, it lacked subject matter jurisdiction over the petition.

A party may challenge the court's subject matter jurisdiction under § 6-1112(b)(1) by presenting either a facial challenge or a factual challenge. *Bleich v. Bleich*, 312 Neb. 962, 981 N.W.2d 801 (2022). In a facial challenge under § 6-1112(b)(1), the party asserts the allegations of the complaint are insufficient to establish the court's jurisdiction over the subject matter of the case. *Bleich v. Bleich, supra*. When a facial challenge is presented, the court will look only to the complaint to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Id.* In a factual challenge under Neb. Ct. R. Pldg. § 6-1112(b), the party asserts there is no jurisdiction over the subject matter of the case notwithstanding the allegations of the complaint. *Id.* When a factual challenge is presented, the court may consider and weigh evidence outside of the pleadings to answer the jurisdictional question. *Id.*

A motion to dismiss becomes a factual challenge to the court's subject matter jurisdiction when the moving party supports its motion by presenting affidavits or other evidence properly brought before the court. *Washington v. Conley*, 273 Neb. 908, 734 N.W.2d 306 (2007). The party opposing the motion must then offer affidavits or other relevant evidence to support its burden of establishing subject matter jurisdiction. *Id.*

Had the parties offered evidence at the hearing, the district court could have weighed and considered the evidence outside the pleadings as a factual challenge under 6-1112(b)(1). The parties chose not to offer evidence at the hearing. Instead, the district court reviewed the pleadings and records in the file as a facial challenge.

In its brief in support of its § 6-1112(b)(1) motion, DHHS asserted that the district court lacked jurisdiction because Appellants failed to serve a summons on DHHS through the Attorney General's office within 30 days of filing the petition as required by § 84-917. When a statute confers authority on the courts to review administrative decisions, the requirements of the statute are mandatory and must be complied with before the court acquires jurisdiction. *Perkins Cty. Bd. of Equal. v. Mid America Agri Prods.*, 317 Neb. 1, 8 N.W.3d 716 (2024). When a court has statutory authority to review the decision of an administrative agency, it acquires jurisdiction only when judicial review is sought in the mode and manner and within the time provided by statute. *Id.*

The filing of the petition and the service of summons are the two actions necessary to establish the jurisdiction of the district court to review the final decision of an administrative agency under the APA. *Jackson v. Rodriguez*, 318 Neb. 657, 18 N.W.3d 408 (2025). Service of summons in the manner required by § 84-917 is a prerequisite to the exercise by the district court of its jurisdiction over the subject matter on an appeal from an adverse decision of an administrative agency. *Jackson v. Rodriguez, supra*.

Section 84-917(2)(a) requires, in part, that "[s]ummons shall be served on the agency within thirty days of the filing of the petition in the manner provided for service of a summons in section 25-510.02." Neb. Rev. Stat. § 25–510.02 (Reissue 2016) provides that a state agency may

be served by leaving the summons "at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." The purpose of § 25-510.02 is to give the State, its agencies, and its employees adequate notice of the case against it and to eliminate ineffectual service. See *Omaha Expo. & Racing v. Nebraska State Racing Comm.*, 307 Neb. 172, 949 N.W.2d 183 (2020). See, also, *Concordia Teachers College v. Neb. Dept. of Labor*, 252 Neb. 504, 563 N.W.2d 345 (1997) (district court lacked subject matter jurisdiction to review Department of Labor decision adverse to college, where college failed to obtain service of process until more than thirty days after petition was filed and mailed petition to Department rather than Attorney General's office).

The petition in this case was filed on June 23, 2025. Thus, service of summons on DHHS through the Attorney General's office as specified in § 25-510.02 had to be completed by July 23. See § 84-917(2)(a). The record in this case is somewhat ambiguous. The praecipe to serve summons via certified mail requested service on DHHS at "301 Centennial Mall" in Lincoln, but the summons issued by the district court listed Appellants' directions to serve summons and a copy of the complaint/petition on DHHS at "PO Box 25026" in Lincoln. Directly below that, the summons identifies the method of service as certified mail and shows a different address of "POBOX 95026." The preprinted service return form contains the words "[r]eceived this summons on" followed by a copy of the certified mail return postcard. The postcard shows service of the "Article" was addressed to "Attorney General's Office, 1445 K St., Room 2115, PO Box 98920" in Lincoln. The section of the postcard to be completed on delivery has the signature and printed name of the receiver, and it is stamped June 30, 2025. Below the postcard, in the "CERTIFIED MAIL PROOF OF SERVICE" section of the service return form, preprinted language states, "Copies of the Summons were mailed by certified mail, TO THE PARTY . . . At the following address." The information typed in to complete that section of the form indicates that mailing was to the "Office of the Attorney General" at the same address listed on the postcard. Additional information filled in on the form shows that it was mailed on June 25 and the return receipt was signed on June 30. The service return form was filed in the district court on July 29.

DHHS argues that Appellants did not request issuance of a summons directed to the office of the Attorney General, and no such summons was issued or served. Although the only praecipe for summons in our record is for service upon DHHS, the service return form and the certified mail proof of service show that summons (or a copy of the summons) was timely left with the Attorney General's office as specified in § 25-510.02. The fact that the service return form was not filed in the district court until July 29 is not a jurisdictional defect. See Neb. Rev. Stat. § 25-507.01 (Reissue 2016) (failure to make proof of service or delay in doing so does not affect validity of service). See, also, *Mindt v. Shavers*, 214 Neb. 786, 337 N.W.2d 97 (1983) (court does not lose jurisdiction by reason of defect in return of service if proper service was made, and return may, at any time, be amended to reflect truth of matter).

DHHS also argues that service of a copy of the summons is insufficient. It argues that the Nebraska Legislature knows how to indicate that a copy is acceptable, and it notes Neb. Rev. Stat. § 25-504.01 (Reissue 2016), which provides that "[a] *copy* of the complaint shall be served with *the summons*, except when service is by publication." (Emphasis supplied.) However, we find no authority, either statutory or case law, that requires the original summons be served as opposed to

a copy to meet the jurisdictional requirement, and we note the preprinted language of the service return form which stated that "[c]opies of the [s]ummons were mailed by certified mail."

Finally, DHHS notes its argument at the hearing on the motion to dismiss that the package the Attorney General's office received from Appellants only contained a copy of the petition and did not include the summons. However, an attorney's assertions at trial are not to be treated as evidence. *In re Interest of Lawrence H.*, 16 Neb. App. 246, 743 N.W.2d 91 (2007). At the hearing on the motion to dismiss, the district court indicated that the service return form contained in the record showed summons was served and therefore it would be inclined to deny the motion to dismiss. The court further noted that should DHHS wish to offer evidence to support its argument, it could file a motion for summary judgment. There was no evidence offered to refute the service return form, only argument of counsel. Accordingly, this argument also fails.

Based upon the record before us, service of summons was accomplished on DHHS by certified mail addressed to the Attorney General's office within 30 days of the filing of the petition as required by § 84-917(2)(a). We reverse the order of the district court and remand the cause for further proceedings.

CONCLUSION

For the reasons stated above, we reverse the district court's order of dismissal and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.